## Honeywell Estate

*Franklin L. Wright,* of *Wright, Mauck, Hawes & Spencer,* for accountants.

*Victor J. Roberts,* of *High, Swartz, Flynn & Roberts,* for life beneficiaries and beneficiaries in remainder.

HOLLAND, P. J., February 1, 1950.—The account shows a balance of principal-personalty for distribution in the sum of $22,386.41, composed of investment securities and cash as shown on page 2 of the account and a balance of income personalty in the sum of $59.20, for distribution, composed of cash. The transfer inheritance tax has been paid in full. The account

is filed because of the request of Eugenia May Honeywell Craig, the life beneficiary of the trust, in order that the court may decide whether she is entitled to distribution of the principal of the trust at this time.

The life beneficiary has presented at the audit, in writing, her request, joined in by her three children, that the trust be stricken down and terminated, and the principal and accumulated income paid to her. The theory upon which she makes this request is twofold. First and foremost, the fund earns such an insignificant income that the dominant intent of testator to afford her, the primary object of his bounty, an adequate subsistence is frustrated and this intent can only be enforced by the court by awarding her the principal. Second, her three children, all of whom are sui juris and the youngest of whom is 25 years old, have joined in her request and assigned their interest to her, they being the only persons who can ultimately be interested in the principal. A recital of the facts will reveal if her contentions are tenable.

Eugenia May Honeywell Craig, the only child of testator and life beneficiary of the trust (hereinafter referred to as Eugenia) is 62 years old and has had a hysterectomy whereby she is incapable of further reproduction. She has three living children. Eugene Honeywell Craig (hereinafter referred to as Eugene), Jennie May Craig (hereinafter referred to as Jennie), and Dorothy Ellen Craig Laucella (hereinafter referred to as Dorothy), the latter being the youngest and over 25 years old. The general scheme of the trust is to pay Eugenia the income for life and at her death to pay out the principal, when her youngest child is 25 years old, to her children, and, if at this time of distribution all her children are dead, over to nephews and nieces of testator.

The annual income of the trust to her is abount $700. She lives with her daughter Dorothy and Dorothy's

husband, who partially support her, the income obviously being insufficient.

The provision of the will after Eugenia's death violates the rule against perpetuities and is, therefore, void, so that, at her death, there is an intestacy and the principal would go one half to the estate of testator's widow and one half to the estate of Eugenia, they having been the heirs at law of testator at the time of his death. Presumably, through their estates the principal would ultimately come to the three children of Eugenia, so I regard them as the ultimate beneficiaries of the principal of the trust, and they have already assigned their interest to Eugenia. Of course, under this state of facts, the spendthrift clause and the prohibition against assignments contained in the trust would have no bearing on the case. Thus far the trust has been sustained while Eugenia lives, presumably on the theory of the dominant intent of testator to provide a subsistence for Eugenia. See Wanamaker's Estate, 335 Pa. 241 (1939). Although from the above it would seem that all persons interested in the trust desire it stricken down and the principal given to Eugenia, the court does not need to rely on this fact to justify it in terminating the trust. It has for sometime been established that where the income beneficiary is the primary consideration of testator or settlor with the view of providing the comfortable maintenance of such primary beneficiary, and, on account of the insignificance or inadequacy of the income to accomplish this purpose, the intent of testator or settlor is frustrated, the court will terminate the trust and award the principal to the income beneficiary in order to enforce that intent, regardless of who are the remaindermen, if they be regarded as of secondary importance in the contemplation of testator or settlor: Auchu's Estate, 38 D. & C. 33 (1939), supported by A. L. I. Restatement of the Law of Trusts §336, p.

1019; Miller's Estate, 33 Berks 89 (1940), and Posey Estate, 52 D. & C. 127 (1944).

Eugenia, the only child of testator, is, beyond doubt, the primary beneficiary of testator. The will shows that her children and, even more so, testator's nephews and nieces, are only to be considered after her welfare is provided for. She is in advanced age and the income of the trust is hopelessly inadequate for her support. The primary intent of testator is frustrated unless the court takes action to relieve the situation and enforce that primary intent. In this opinion all the secondary beneficiaries, her three children, concur in writing. The facts and the law point to one conclusion, the trust should be and it hereby is terminated and the principal thereof will be awarded to Eugenia.

There is awarded to the trustees commissions at the rate of 2½ percent upon the principal, the same to be paid out of the principal.

There is awarded to counsel for the accountants a fee of $860, to be paid out of the principal.

The net ascertained balances of principal and income are awarded to Eugenia May Honeywell Craig.

Power and authority are given the accountants to make the necessary assignments and transfers of the unconverted investment securities herein awarded in kind.

All awards are subject to distributions heretofore properly made.

The account is confirmed, and it is ordered and decreed that Norristown-Penn Trust Company, surviving testamentary trustee, and Eugenia May Honeywell Craig, succeeding trustee, as aforesaid, forthwith pay the distributions herein awarded.

And now, February 1, 1950, this adjudication is confirmed nisi.